UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:_____

OLYMPIA PAINT COVERING, INC.,

    Plaintiff,

v.

BELFOR USA GROUP, INC. and
TRUMP ENDEAVOR 12, LLC,

    Defendants.
_____/

**VERIFIED COMPLAINT TO ENFORCE CONSTRUCTION
LIEN AND FOR OTHER RELIEF**

**COMES NOW,** Plaintiff, OLYMPIA PAINT COVERING, INC. ("OLYMPIA"), and sues the Defendants, BELFOR USA GROUP, INC. (hereinafter "BELFOR") and TRUMP ENDEAVOR 12, LLC ("TRUMP"), alleging that it is entitled to relief upon the following facts:

**PARTIES, JURISDICTION, AND VENUE**

1.    At all times material to this action, OLYMPIA was a Florida corporation authorized to do business in the State of Florida.

2.    At all times material to this action, BELFOR was a Michigan corporation registered to do business in the State of Florida as a Foreign Profit Corporation.

3.    At all times material to this action, TRUMP was a New York Limited Liability Company registered to do business in Florida as a Foreign Limited Liability Company. The citizenship of the only Member of TRUMP is as follows:

    a. TRUMP ENDEAVOR 12 MANAGER CORP. is a citizen of the State of New York.

Case No. _____

4. The Court has original jurisdiction of this matter pursuant to 28 USC §1332, as this matter is a civil action between citizens of different states in which the amount in controversy exceeds $75,000.00.

5. BELFOR and TRUMP are subject to personal jurisdiction in this District. .

6. Venue is proper in the Miami Division of the Southern District of Florida because the conduct, acts, and/or omissions alleged herein occurred in Doral, Miami Dade County, Florida, and the Real Property that is subject to the Claim of Lien is located in Miami Dade County, Florida.

7. All conditions precedent to the causes of action asserted herein have been performed, waived, or otherwise excused.

8. OLYMPIA has been caused retain its undersigned counsel and OLYMPIA is obligated to pay the undersigned counsel a reasonable fee.

## COUNT I
## CONSTRUCTION LIEN
## (BELFOR and TRUMP)

Paragraphs 1 through 8 above are hereby restated and OLYMPIA further alleges as follows:

9. This is an action to enforce a construction lien pursuant to Chapters 713 and 85, Florida Statutes.

10. TRUMP is the record owner of the following described real property located in Miami-Dade County, Florida (the "Real Property"):

> Street Address:   Doral Resort & Spa
>                   4400 NW 87th Ave.
>                   Doral, Florida

2

Case No. _____

Folio No.: 35-3021-001-0010

Legal Description: Florida Fruit Land Co Sub Pb 2-17 Tracks 9 Thru 16, Various Section 21; Township 53; Range 40, according to the Plat thereof as recorded in Plat Book 2, at Page 17, of the Public Records of Miami-Dade County, Florida, and as more fully described in the Warranty Deed recorded in the Public records in and for Miami-Dade County, Florida at OR Book 28147, at Pages 80–102.

11. On or before June 1, 2012, the Real Property suffered extensive damage resulting from water intrusion.

12. On or before June 1, 2012, TRUMP, and/or by and through its agent and predecessor in title, hired BELFOR ("the Prime Contract"), an emergency restoration company, to perform extensive improvements to the property resulting from the water damage (the "Project").

13. On or about February 1, 2012, BELFOR entered into a "Master Subcontract Agreement" with OLYMPIA (the "Master Subcontract") whereby the parties agreed that the terms of the Master Subcontract would apply to all projects in which BELFOR would hire OLYMPIA to perform work, subject to "Work Agreements" to be entered into for specific projects.

14. On or about June 1, 2012, BELFOR requested that OLYMPIA immediately supply laborers for painting and drywall on the Project, as required of BELFOR pursuant to the Prime Contract.

15. BELFOR, by and through its General Manager, Rob Hart, entered into an oral "Work Agreement" with OLYMPIA whereby OLYMPIA agreed to furnish labor for

3

Case No. _____

painting and drywall on the Project, as required of BELFOR pursuant to the Prime Contract. In exchange, BELFOR agreed to pay a flat hourly rate of $33.00/hour for painting and $28.00/hour for drywall; overtime rates were to be paid at 1.5 times the hourly rates. Furthermore, as a result of the extensive nature of the work (shifts working 24 hours per day) and the high number of laborers required, BELFOR, by and through its executive "Warren l/n/u" agreed to pay OLYMPIA on a weekly basis (collectively, the "Subcontract").

16. On or about June 1, 2012, OLYMPIA commenced performance of its work pursuant to the Subcontract.

17. On or about June 6, 2012, OLYMPIA submitted an invoice for the period between June 1, 2012, and June 5, 2012 (the "First Invoice"). The First Invoice reflected the hours worked by all OLYMPIA's laborers and the hourly rates (regular and overtime) agreed upon, as alleged above. The total amount due pursuant to the First Invoice was $74,420.25. A true and correct copy of the First Invoice along with proof of payment is attached hereto as **Exhibit "A"** and incorporated herein.

18. On or about June 8, 2012, BELFOR paid the First Invoice in full.

19. On or about June 16, 2012, OLYMPIA completed its work pursuant to the Subcontract.

20. During the course of the work, TRUMP, by and through its agents, including Mr. Donald J. Trump and Ms. Ivanka Trump, were personally directed the work of the Prime Contract and Subcontract by *inter alia*; selecting paint colors, paint

4

Case No. _____

finishes, and other aspects of the designs of the interior of the property, and were in direct communications with OLYMPIA regarding same.

21. After completion of the work, OLYMPIA issued its final invoice in the amount of $306,774.00. A true and correct copy of the Final Invoice is attached hereto as **Exhibit "B"** and incorporated herein.

22. BELFOR has failed and refused to pay the Final Invoice.

23. On or about July 10, 2012, within the time allowed by law, OLYMPIA sent its Notice to Owner via certified mail to TRUMP and others. A true and correct copy of the Notice to Owner is attached hereto as **Exhibit "C"** and incorporated by reference.

24. As of the date of this Complaint, OLYMPIA remains unpaid in the amount of $306,774.00 for the work performed pursuant to the Subcontract.

25. BELFOR and TRUMP have breached their duties in failing to make payment to OLYMPIA.

26. OLYMPIA has been caused to record its Claim of Lien on August 23, 2012, in the public records of Miami Dade County, Florida. A true and correct copy of the Claim of Lien is attached hereto as **Exhibit "D"** and incorporated by reference.

27. OLYMPIA served a copy of the Claim of Lien on TRUMP.

28. This action was filed within 20 days of the return date of the Summons in the action brought by BELFOR against OLYMPIA in the Circuit Court of Miami Dade County, Case No. 12-33976-CA-21, as required by §713.21, Florida Statutes.

29. TRUMP and BELFOR have caused OLYMPIA to retain its undersigned counsel and OLYMPIA is obligated to pay it a reasonable fee. TRUMP and BELFOR

5

MALKA & KRAVITZ, P.A.
1300 Sawgrass Corporate Parkway, Suite 100, Ft. Lauderdale, Florida  33323
Broward (954) 514-0984     Fax (954) 514-0985

Case No. _____

are liable to OLYMPIA for said attorney's fee in accordance with §713.29, Florida Statutes.

WHEREFORE, OLYMPIA prays that this Court will:

a. Recognize OLYMPIA's Claim of Lien in the amount found to be due, plus interest, costs and attorney's fees pursuant to §713.29, Florida Statutes, and other applicable Florida law;

b. Render personal money judgments against Defendants, TRUMP and BELFOR, jointly and severally, pursuant to Chapter 85, Florida Statutes;

c. Order the Real Property sold to pay OLYMPIA's claim, free and clear of the claims of Defendants, TRUMP and BELFOR; and

d. Grant such other and further relief as the Court deems just and proper.

## COUNT II
## STATUTORY ACTION FOR NONPAYMENT
## (BELFOR)

Paragraphs 1, 2, 4 through 8, 13 through 19, 21, 22, and 24 above are hereby restated and OLYMPIA further alleges as follows:

30. This is an action for non-payment pursuant to §713.346, Florida Statutes.

31. BELFOR and OLYMPIA entered into the Subcontract to improve the Real Property.

32. OLYMPIA provided labor for painting and drywall in accordance with the Subcontract.

33. The full value of the labor, materials, and services provided in accordance with the Subcontract was $381,194.25.

6

Case No. _____

34. The only amount paid pursuant to the Subcontract is $74,420.25.

35. OLYMPIA remains unpaid in the amount of $306,774.00 for the work performed pursuant to the Subcontract, as shown in the Final Invoice attached hereto as **Exhibit "B"** and incorporated herein.

36. BELFOR has never made any claim that OLYMPIA's labor, materials, or services were defective.

37. All work performed by OLYMPIA has been put to beneficial use.

38. BELFOR has accepted OLYMPIA's labor, materials, or services.

39. BELFOR has not stated a good faith basis for its refusal to pay the entire amount due. Instead, BELFOR has concocted excuses for its non-payment.

40. By letter dated August 21, 2012, BELFOR's counsel advised that "Belfor is not prepared to make *any* payment at this time" (emphasis added) because OLYMPIA has allegedly:

   a. failed to provide "objective proof of payment" to its employees;

   b. "grossly misrepresented the amount of payroll that it paid"; and

   c. Received payment for "the lionshare [sic] of its payroll costs.

41. A true and correct copy of the August 21, 2012, letter is attached hereto as **Exhibit "E"** and incorporated herein.

42. BELFOR's above-referenced excuses do not form a good faith dispute for BELFOR's non-payment of the *entire* amount due because:

   a. OLYMPIA has provided proof of payment to its employees;

7

Case No. _____

    b. OLYMPIA's payroll costs are irrelevant to BELFOR's payment obligations. The Subcontract was not based on OLYMPIA's payroll costs. Instead, the Subcontract is based on the hours worked by OLYMPIA's employees.

43. OLYMPIA has performed its obligations under the Subcontract during 16 days of nearly around-the-clock labor, but has only received payment for 5 days of such work. As such, OLYMPIA is entitled to payment (even if BELFOR has a good faith basis to dispute a portion of the amount due, it cannot argue in good faith that it owes *nothing*).

44. The amount has remained due and payable pursuant to the Subcontract for more than 30 days after the date the labor and services were accepted.

45. BELFOR has received all or part payment on account of the labor and services performed pursuant to the Subcontract more than 30 days prior to the date the complaint was filed.

46. OLYMPIA has been damaged by BELFOR's failure to pay for the labor, materials, and services furnished and by the loss of use of the funds.

**WHEREFORE**, OLYMPIA prays for all relief permitted by §713.346(4), Florida Statutes, including:

    (a) An evidentiary hearing on this Count of the Complaint after service of the Complaint;

8

Case No. _____

(b) An accounting of the use of any payment received by BELFOR for OLYMPIA's work;

(c) A temporary injunction against BELFOR, subject to the bond requirements specified in the Florida Rules of Civil Procedure;

(d) Prejudgment attachment against the BELFOR, in accordance with each of the requirements of chapter 76, Florida Statutes;

(e) Costs and attorney's fees pursuant to Section 713.346(7), Florida Statutes, and other applicable Florida law, and

(f) Such other legal or equitable remedies as may be appropriate in accordance with the requirements of the law.

## COUNT III
## BREACH OF CONTRACT
## (BELFOR)

Paragraphs 1, 2, 4 through 8, 13 through 19, 21, 22, and 24 above are hereby restated and OLYMPIA further alleges as follows:

47. This is an action for breach of contract that is related to the transaction and occurrences contained in Count I.

48. BELFOR's failure to pay OLYMPIA constitutes a material breach of the Subcontract and OLYMPIA has been damaged as a result thereof.

WHEREFORE, OLYMPIA demands judgment against BELFOR for the principal amount owing, plus interest thereon, attorney's fees and costs pursuant to the Subcontract, and for such other and further relief as the Court deems just and proper.

9

Case No. _____

## COUNT IV
## <u>UNJUST ENRICHMENT</u>
## (BELFOR)

Paragraphs 1, 2, 4 through 7, and 10 above are hereby restated and OLYMPIA further alleges as follows:

49. This is an equitable action for unjust enrichment alleged in the alternative in the event there is an infirmity with OLYMPIA's claims at law.

50. At the request of BELFOR, OLYMPIA has provided labor, services and materials for the improvement of the Real Property.

51. The reasonable value of the labor, services and materials provided by OLYMPIA which remains unpaid is $306,774.00.

52. As the result of BELFOR's failure to make payment to OLYMPIA, BELFOR has been unjustly enriched by enjoyment of the labor, services and/or materials provided by OLYMPIA and it would be inequitable to allow such enjoyment without paying the value of such labor, services and/or materials.

WHEREFORE, OLYMPIA prays that this Honorable Court enter judgment against Defendant BELFOR, for the reasonable value of the labor, materials and services provided by OLYMPIA plus interest thereon, the costs of bringing this action, and for such other and further relief as the Court deems just and proper.

## COUNT IV
## <u>UNJUST ENRICHMENT</u>
## (TRUMP)

Paragraphs 1 through 7, and 10 above are hereby restated and OLYMPIA further alleges as follows:

10

Case No. _____

53. This is an equitable action for restitution for unjust enrichment alleged in the alternative in the event there is an infirmity with OLYMPIA's claims at law.

54. At the request of BELFOR, OLYMPIA has provided labor, services and materials for the improvement of the Real Property and thereby conferred a benefit on TRUMP.

55. TRUMP voluntarily accepted and retains the benefit conferred.

56. TRUMP has been unjustly enriched by enjoying the benefit of the work performed by OLYMPIA and it would be inequitable for TRUMP to retain the benefit without paying the value thereof to OLYMPIA.

57. The reasonable value of the labor, services and materials provided by OLYMPIA which remains unpaid is $306,774.00.

58. As a result of said non-payment by TRUMP, OLYMPIA has been damaged.

WHEREFORE, OLYMPIA prays that this Honorable Court enter judgment against TRUMP, to the extent is has not paid for the reasonable value of the labor, materials and services provided by OLYMPIA, plus interest thereon, the costs of bringing this action and for such other and further relief as the Court deems just and proper.

### COUNT V
### CONTRACT IMPLIED IN FACT
### (TRUMP)

Paragraphs 1 through 7, and 10 above are hereby restated and OLYMPIA further alleges as follows:

11

Case No. _____

59. This is an equitable action against TRUMP for restitution for unjust enrichment brought in the alternative in the event that there is an infirmity with OLYMPIA's claims at law.

60. TRUMP, having requested and directed the work, has received the benefit of the labor, materials, and/or services furnished for the improvement of the Real Property, while knowing that OLYMPIA furnished same with the expectation of receiving payment therefor.

61. TRUMP has not paid OLYMPIA for the labor, materials, and/or services furnished for the improvement of the property.

62. The reasonable value of the labor, material and services provided by OLYMPIA that remains unpaid is $306,774.00.

63. OLYMPIA does not have an adequate remedy at law.

64. As a result of said non-payment, TRUMP has been unjustly enriched by retaining the benefit of the labor, materials, and/or services furnished by OLYMPIA, to the detriment of OLYMPIA.

65. The circumstances are such that it would be inequitable to allow TRUMP to retain the benefits conferred by OLYMPIA without paying therefor.

WHEREFORE, OLYMPIA prays that this Honorable Court will enter judgment against TRUMP for the reasonable value of the labor, materials, and services provided by OLYMPIA, plus interest thereon, the costs of bringing this action, and such other and further relief as the Court deems just and proper.

MALKA & KRAVITZ, P.A.
1300 Sawgrass Corporate Parkway, Suite 100, Ft. Lauderdale, Florida  33323
Broward (954) 514-0984    Fax (954) 514-0985

Case No. _____

Respectfully Submitted,

MALKA & KRAVITZ, P.A.
Attorneys for Plaintiff

Dated:  September 7, 2012.

By: _____/s/Harry Malka_____
HARRY MALKA, ESQ.
Florida Bar No. 0659193

13

MALKA & KRAVITZ, P.A.
1300 Sawgrass Corporate Parkway, Suite 100, Ft. Lauderdale, Florida  33323
Broward (954) 514-0984    Fax (954) 514-0985

Case No. _____

## VERIFICATION

Under penalties of perjury, I declare that I have read the foregoing Verified Complaint for Damages and that the facts stated in it are true.

OLYMPIA PAINT COVERING, INC.

By: Igor Oleyek
Its: President

THE FOREGOING was sworn to as true and correct before me this 7th day of September, 2012, by Igor Oleyek on behalf of OLYMPIA PAINT COVERING, INC., who is ☑ personally known to me or ☐ who has produced _____ as identification.

_____
(Signature of Notary Public - State of Florida)

_____
(Print, type or stamp commissioned name of Notary Public)

CAROL R. GATES
MY COMMISSION
EXPIRES: July 26, 2014
1-800-3-NOTARY   Fl. Notary Discount Assoc. Co.

14